Supreme Court, New York Special Term. Reported. N. Y. L. J. December 20, 1899.

Henry Warren *v.* Anthony R. Weir.

Gildersleeve, J. The plaintiff, as a citizen and taxpayer, applies for an injunction under section 29 of chapter 112 of the Laws of 1896, as amended by subsequent acts, restraining defendant from trafficking in liquor, on the ground that he has no certificate and is selling liquor in violation of section 31 of said act. The defendant denies the allegations of the petition, swears he has a certificate and demands a bill of particulars of the alle-

gations of the petition concerning the names of the persons to whom the liquor was sold, as alleged in the petition, and by whom it was sold, and the dates of such sales. It seems to me that the issue of fact raised by the papers herein should be sent to a referee in aid of the conscience of the court, instead of being decided on conflicting affidavits. As to the demand for a bill of particulars, the petition states that, at No. 571 Eighth avenue, on the 20th day of June, 1899, between one and five in the morning, and on Sunday, May 7th, 1899, and on each and every day thereafter between one and five in the morning, defendant, by his agents and employees, sold liquor, &c., to divers persons, male and female; and that defendant did and does unlawfully traffic in liquor, contrary to the provisions of section 31 of said statute. The names of defendant's employees must be better known to defendant than to the plaintiff. As to the names of those who are alleged to have bought liquor in No. 571 Eighth avenue, it seems to me that it would be requiring plaintiff to disclose his evidence were the court to direct him to give the names of such persons, assuming that he knows them. Furthermore I think the dates and hours are given with sufficient definiteness. The plaintiff should, however, give the name of any place other than No. 571 Eighth avenue, if he claims there are any, where defendant is alleged to sell liquor without a license. Let an order be handed up referring the matter to Robert P. Noah, Esq. Settle order on notice. No costs of motion.